**In re William Henry COLEMAN, Petitioner.**

**No. 10–1276.**

United States Court of Appeals, Third Circuit.

Submitted Pursuant to Rule 21, Fed. R.App. P.
March 18, 2010.

Filed May 21, 2010.

---

1. The record reflects that Martirosyan's date of birth was December 25, 1989.

William Henry Coleman, Fort Dix, NJ, pro se.

US Atty Camden, Office of United States Attorney, Camden, NJ, for Robert B. Kugler.

Before: McKEE, Chief Judge, RENDELL and CHAGARES, Circuit Judges.

OPINION OF THE COURT

PER CURIAM.

In July 2009, petitioner William Henry Coleman, a prisoner proceeding pro se, filed in the District Court a petition for a writ of habeas corpus under 28 U.S.C. § 2241. The District Court dismissed the petition for lack of jurisdiction. On October 27, 2009, Coleman filed a motion for reconsideration. He filed this pro se mandamus petition on January 27, 2010, requesting that the District Court act on his motion.

Mandamus is a drastic remedy available only in extraordinary cases, *see In re Diet Drugs Prods. Liab. Litig.*, 418 F.3d 372, 378 (3d Cir.2005), as the petitioner must demonstrate that he has "no other adequate means" to obtain the relief desired and a "clear and indisputable" right to issuance of the writ. *Madden v. Myers*, 102 F.3d 74, 79 (3d Cir.1996). Although a district court has discretion over the management of its docket, *see In re Fine Paper Antitrust Litig.*, 685 F.2d 810, 817–18 (3d Cir.1982), a federal appellate court "may issue a writ of mandamus on the ground that [the district court's] undue delay is tantamount to a failure to exercise jurisdiction." *Madden*, 102 F.3d at 79.

We recognize that approximately five months have elapsed since the date Coleman filed his motion for reconsideration. However, we cannot conclude that the overall delay in this matter rises to the level of a denial of due process, and we are confident that the District Court will enter an order in due course. Accordingly, the petition is denied.